# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **JOSEPH S. GREENHAW,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 5:11-CV-00488-RDP |
| **MICHAEL J. ASTRUE,** | } |
| **COMMISSIONER OF SOCIAL** | } |
| **SECURITY,** | } |
| **Defendant.** | } |

## MEMORANDUM OF DECISION

Plaintiff Joseph Greenhaw brings this action pursuant to Sections 205(g) and 1631(c) of the Social Security Act (the "Act"), seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI") benefits under the Act. 42 U.S.C. §§ 405(g), 1383(c).

### I. Proceedings Below

Plaintiff filed his applications for a period of disability, DIB, and SSI benefits on November 21, 2007. [R. 68]. Plaintiff alleged a disability onset date of November 8, 2007 in his DIB application and July 1, 1993 in his SSI applications.[1] [R. 102, 110]. Plaintiff's applications were denied on March 19, 2008. [R. 68-69]. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). [R. 80]. The first hearing was held October 23, 2009, and a

---

[1]This date appears to be a mistake on the part of Plaintiff. His field office disability report lists his disability onset date as November 8, 2007. [R. 125].

supplemental hearing was held January 20, 2010. [R. 26-67]. In his March 10, 2010 decision, the ALJ determined that Plaintiff was not eligible for a period of disability, DIB, or SSI benefits because he failed to meet the disability requirements of the Act and retained the residual functional capacity to perform light work, including his past relevant work. [R. 20-21]. After the Appeals Council denied Plaintiff's request for review of the ALJ's decision, that opinion became the final decision of the Commissioner, and therefore a proper subject of this court's review. [R. 1-3]. 42 U.S.C. §§ 405(g), 1383(c).

At the time of the supplemental hearing, Plaintiff was 37 years old with a twelfth grade education. [R. 42, 44]. Plaintiff had previously worked as a sweeper-truck driver and a janitor/custodian, and had previously operated his own cleaning business. [R. 47]. Plaintiff alleges that he suffers from neck cramps, neck and back pain, muscle spasms, nerve problems that affect the left side of his body, and that he is under the care of a psychiatrist. [R. 50, 129]. According to Plaintiff, he has been unable to engage in substantial gainful activity since November 8, 2007 due to these impairments. [R. 110].

Plaintiff complains that he suffers from severe neck pain caused by a 1996 diving injury. [R. 46]. Plaintiff states that he has nerve damage that causes weakness in his left side, particularly his left hand. [R. 49-50]. Plaintiff has also been diagnosed with pain and adjustment disorders. [R. 229]. Plaintiff complains that his medications make him drowsy and cause him to have memory difficulties. [R. 59-60]. At the time of his supplemental hearing, the ALJ noted that Plaintiff was scheduled to have neck surgery on February 2, 2010. [R. 20]. On February 5, 2010, Dr. Martin P. Jones, Jr. sent a letter to the ALJ confirming that Plaintiff had undergone the scheduled surgery. [R. 376].

The record shows that on December 22, 2006, Plaintiff underwent an anterior cervical discectomy and fusion to treat a herniated disc. [R. 188]. Although Plaintiff continued to report neck and left arm pain after the surgery, Dr. Jones determined that Plaintiff could return to limited light work on February 12, 2007 . [R. 192, 195-96, 199]. Dr. Jones determined that Plaintiff could return to work without limitations on April 23, 2007. [R. 194].

On March 10, 2008, Plaintiff was examined by Dr. Marlin D. Gill, who noted that Plaintiff complained of neck pain and was being treated at a pain clinic. [R. 224]. Dr. Gill ultimately assessed Plaintiff with neck pain and a history of herniated discs. [R. 225]. The following day, Dr. Jon G. Rogers performed a psychological evaluation of Plaintiff and concluded that Plaintiff suffered from a pain disorder associated with psychological factors and his general medical condition, as well as an adjustment disorder with mixed anxiety and depressed mood. [R. 229]. Dr. Rogers further stated that these disorders would moderately impair Plaintiff's ability to understand, remember, and carry out instructions and respond appropriately to supervision, co-workers, and pressures in a work setting. [R. 232].

On October 14, 2009, Dr. Adam Nortick completed a physical capacities evaluation of Plaintiff in which he determined that Plaintiff could sit, stand, and walk for no more than five hours in an eight hour day. [R. 263]. He also determined that Plaintiff could occasionally lift and carry objects weighing less than 20 pounds and could perform simple repetitive motions with his hands and feet. [R. 263]. Dr. Nortick opined that Plaintiff's ability to work around unprotected heights, marked temperature changes, and moving machinery was moderately impaired. [R. 263]. He further opined that Plaintiff was mildly limited in his ability to operate motor vehicles and his ability to work around fumes, dust, and gases. [R. 263]. Dr. Nortick estimated that Plaintiff would miss 25-30

days of work per year due to his medical conditions, and that Plaintiff's symptoms would prevent him from completing job tasks for at least one hour in an eight hour work day. [R. 264].

Dr. Nortick also completed a pain assessment in which he concluded that Plaintiff's pain would distract him from adequate performance of work duties. [R. 367]. Dr. Nortick further opined that physical activity increased Plaintiff's pain to the extent that medication was necessary and that drug side-effects could be expected to limit Plaintiff's work performance. [R. 367]. In response to a hypothetical question presented during the supplemental hearing, a vocational expert ("VE") testified that the restrictions noted in Dr. Nortick's physical capabilities and pain evaluations would prevent a person from performing or sustaining employment. [R. 65-66].

In a January 6, 2010 letter, Dr. Jones noted that Plaintiff was suffering from a lateral recess disc protrusion and recommended that Plaintiff undergo an anterior cervical discectomy and fusion at the C3-4 level. [R. 369]. Dr. Jones also recommended physical therapy or epidural blocks for Plaintiff's lumbar pain. [R. 369]. Plaintiff underwent the procedure on February 2, 2010. [R. 376].

## II.  ALJ Decision

Determination of disability under the Act requires a five step analysis. *See* 20 C.F.R. § 404.1 *et. seq.*  First, the Commissioner determines whether the claimant is working.  Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  Third, the Commissioner determines whether claimant's impairment meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations.  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  The claimant's residual functional capacity is what the claimant can do despite his impairment.  Finally, the Commissioner determines whether the claimant's age,

education, and past work experience prevent the performance of any other work. In making this final determination, the Commissioner will use the Medical-Vocational Guidelines in Appendix 2 of Part 404 of the Regulations when all of the claimant's vocational factors and residual functional capacity are the same as the criteria listed in the Appendix. If the Commissioner finds that the claimant is disabled or not disabled at any step in this procedure, the Commissioner will not review the claim any further.

The court recognizes that "the ultimate burden of proving disability is on the claimant" and that "the claimant must establish a *prima facie* case by demonstrating that he can no longer perform his former employment." *Freeman v. Schweiker*, 681 F.2d 727, 729 (11th Cir. 1982) (other citations omitted). Once a claimant shows that he can no longer perform his past employment, "the burden then shifts to the [Commissioner] to establish that the claimant can perform other substantial gainful employment." *Id.*

The ALJ found that Plaintiff has not engaged in substantial gainful activity since November 8, 2007, and that Plaintiff acquired sufficient quarters of coverage to remain fully insured through June 30, 2011. [R. 15]. Based upon the medical evidence presented, the ALJ concluded that Plaintiff has a history of cervical disk herniation with discectomy and fusion at C5-6 in 1996 and C6-7 in November 2006; status post anterior cervical fusion at C3-4, performed on February 2, 2010; pain disorder; adjustment disorder with mixed anxiety; and a history of long-term marijuana usage [R. 15]. These constitute "severe" impairments as defined by the Act. [R. 15]. Nonetheless, the ALJ determined that Plaintiff's impairments neither meet nor equal the requirements for any impairment in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [R. 17].

According to the ALJ, Plaintiff's medical conditions could be reasonably expected to cause his alleged symptoms; however, the ALJ found that Plaintiff's subjective complaints concerning his impairments and their impact on his ability to work are not fully credible due to the degree of inconsistency with the medical evidence established in the record and Plaintiff's own statements. [R. 19]. After consideration of all the medical evidence, including Plaintiff's subjective complaints, the ALJ found that Plaintiff retains the residual functional capacity to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following limitations: he can lift and carry twenty to thirty pounds with his right hand and five to seven pounds with his left hand; sit for thirty to forty-five minutes at one time; stand for forty-five minutes at one time; and walk approximately one block at a time for eight hours during an eight hour workday. [R. 18].

The ALJ concluded that Plaintiff's mental impairment does not significantly affect his ability to carry out instructions or work with others. [R. 20]. He further found that Plaintiff is able to perform his past relevant work as a cleaner as generally performed and that VE testimony established that such jobs existed at the light exertional level. [R. 20-21]. Thus, the ALJ ruled that Plaintiff is not disabled as that term is defined in the Act and that Plaintiff is not entitled to a period of disability, DIB, or SSI. [R. 21].

### III.  Plaintiff's Argument for Remand or Reversal

Plaintiff seeks to have the ALJ's decision, which became the final decision of the Commissioner following the denial of review by the Appeals Council, reversed, or in the alternative, remanded for further consideration. [*See* Pl.'s Mem. 12]. Plaintiff argues that the ALJ, in determining Plaintiff's residual functional capacity, misapplied the Eleventh Circuit standard for

establishing disability due to pain, and therefore, the ALJ's decision is not supported by substantial evidence and improper legal standards were applied.  [Pl.'s Mem. 2-3].

## IV.  Standard of Review

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision,  *see* 42 U.S.C. § 405 (g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988);  *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence.  *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted).  If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings.  *See Martin*, 894 F.2d at 1529.  While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.  For the reasons set forth below, the ALJ's decision denying Plaintiff benefits is due to be affirmed in part and remanded in part.

V.  **Discussion**

A. **The ALJ Properly Applied the Eleventh Circuit Standard for Evaluating Disability Due to Pain.**

Plaintiff contends that the ALJ misapplied the Eleventh Circuit standard for evaluating disability due to pain in determining his residual functional capacity. [Pl.'s Mem. 2-3]. Specifically, Plaintiff argues that the ALJ erred in disregarding both his testimony regarding the disabling nature of his pain and Dr. Nortick's testimony that his chronic severe pain would prevent him from adequately performing work activities. [*See* Pl.'s Mem. 10]. This argument is misplaced because the ALJ determined that Plaintiff's testimony about his daily activities is inconsistent with the record in its entirety. [R. 19]. The ALJ further found that Dr. Nortick's assessment was inconsistent with Plaintiff's own testimony and unsupported by any significant clinical findings one would expect in relation to an assessment of such severe disability. [R. 20].

In evaluating a claimant's application for disability, the ALJ is charged with the duty to weigh the evidence, resolve material conflicts in testimony, and determine the case accordingly. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). When a claimant seeks to establish disability based on his subjective complaints of pain, the ALJ must evaluate those complaints using a two-step process. *See* 20 C.F.R. §§ 404.1529, 416.929; *Wilson v. Barnhart*, 284 F.3d 1219, 1225-26 (11th Cir. 2002). First, the ALJ must determine whether the claimant suffers from an underlying medical condition that could reasonably be expected to produce the claimant's pain or other symptoms. *See* 20 C.F.R. §§ 404.1529, 416.929; *Wilson*, 284 F.3d at 1225-26. Second, if such an underlying impairment has been shown, the ALJ must evaluate the intensity and persistence of the claimant's pain or other symptoms to determine the extent to which they affect the claimant's ability to perform work activities. *See* 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1); *Wilson*, 284 F.3d at

8

1225-26.  When statements about the intensity, persistence, or limiting effects of pain or other symptoms are not corroborated by objective medical evidence, the ALJ must evaluate the credibility of those statements in light of the entire record.  *See Wilson*, 284 F.3d at 1225-26.  If the ALJ finds that the claimant's subjective allegations are not credible, he must give "explicit and adequate reasons" for that finding.  *Id.* at 1225.

Ultimately, here, the ALJ found that although Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms, Plaintiff's statements about the intensity, persistence, and limiting effects of his pain were inconsistent with the record in its entirety and therefore not credible. [R. 19]. The ALJ found that Plaintiff's claim that he is unable perform any type of work activity due to neck and back pain, as well as his adjustment and pain disorders, was inconsistent with his own statements, as well as statements from his various treating physicians and his grandmother. [R. 20].

First, the ALJ articulated his reasons for rejecting Plaintiff's subjective claims of pain. [R. 19]. The ALJ acknowledged Plaintiff's history of neck pain but found that the medical record did not show that the resulting functional limitations were severe enough to be disabling. [R. 19]. Specifically, the ALJ noted that Dr. Jones cleared Plaintiff to work without limitations in April 2007, despite Plaintiff's ongoing complaints of neck, arm, and hand pain. [R. 19]. The ALJ also addressed Plaintiff's complaint of disabling back pain, and noted that Plaintiff's recent medical records showed that he suffers from degenerative disc disease in the lumbar spine. [R. 19]. However, the ALJ found that the recommended treatment, therapy and injections, were "routine and conservative," and this indicated that the condition was not disabling. [R. 19]. The ALJ further noted that Dr. Gill's findings that Plaintiff had a normal gait, was able to walk unassisted, and used no devices, as well

as Plaintiff's own testimony that he could sit for thirty to forty-five minutes, stand for forty-five minutes, and walk approximately one block did not support Plaintiff's claim of disabling pain. [R. 19].

The ALJ also found Plaintiff's testimony about his daily activities to be inconsistent with his claim of disabling pain. [R. 19]. The record showed that Plaintiff performed light housecleaning, vacuumed, did laundry, and washed dishes. [R. 160-62]. The ALJ found that these specific activities directly contradicted Plaintiff's claim of disabling limitations in the use of his arm and hand because these activities require hand dexterity. [R. 19].

In evaluating the limiting effects of Plaintiff's adjustment and pain disorders, the ALJ noted that psychological examinations showed that Plaintiff's mood was normal and he was oriented. [R. 19-20]. The ALJ specifically noted Dr. Rogers' evaluation, in which he opined that Plaintiff's ability to understand, remember, and carry out instructions and to respond appropriately to co-workers and supervisors was only moderately impaired. [R. 20]. The ALJ also found that Plaintiff regularly socialized with friends and family without difficulty, talked on the phone, and participated in church activities, all of which contradicted his claim that his mental impairments were disabling. [R. 20].

Second, the ALJ addressed the weight given to the numerous medical opinions within the record. [R. 20]. In the context of medical evidence, controlling weight must be given to a medical opinion from a treating source when the opinion is both well-supported by medically acceptable diagnostic techniques and consistent with the record in its entirety. *See* 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3); SSR 96-2p, 1996 WL 374188 (July 2, 1996).

The ALJ ultimately found the assessments of Drs. Gill and Rogers to be consistent with the record in its entirety and afforded those assessments significant weight. [R. 20]. The ALJ rejected

Dr. Nortick's opinion, stating that it was inconsistent with Plaintiff's daily activities and lacked the "significant clinical and laboratory abnormalities" necessary to support a diagnosis of such severe disability. [R. 20].

From his analysis of the entire record, the ALJ concluded that Plaintiff's impairments, while severe, did not meet or medically equal the "paragraph B" or "paragraph C" criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1, §§ 12.04 or 12.08. [R. 17].

The task before this court is simply to determine whether the ALJ's decision is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Walden v. Schweiker,* 672 F.2d 835, 838 (11th Cir. 1982). Because substantial evidence supports the ALJ's decision to give limited weight to Plaintiff's subjective complaints and Dr. Nortick's medical opinion, this part of the ALJ's decision is due to be affirmed.

**B.    The ALJ's Finding That Plaintiff Is Able to Perform His Past Relevant Work Is Not Supported by Sufficient Evidence.**

Based on the evidence of record, the ALJ found that Plaintiff has the residual functional capacity to perform light work. [R. 18]. The ALJ further found that Plaintiff is capable of performing his past relevant work as a cleaner, as generally performed.[2] [R. 20]. The ALJ noted that Plaintiff performed this work at the medium exertional level, but stated that the VE testified that many jobs exist which do not require more than light exertion. [R. 20]. However, this court is unable to make a meaningful review of the ALJ's finding that Plaintiff can perform his past relevant work as generally performed and that such jobs exist.

---

[2]The ALJ stated that this past relevant work was classified as DOT #323.687-014, "cleaner, housekeeping." According to the *Dictionary of Occupational Titles,* this position includes tasks relevant to cleaning rooms and halls in commercial establishments, such as making beds, replenishing supplies, hanging drapes, moving furniture, and rolling carpets.

At the supplemental hearing, the VE testified that Plaintiff's past relevant work as a sweeper truck driver was considered light exertional level work. [R. 49]. The VE further testified that Plaintiff's past work as a self-employed cleaner was medium exertional level, as was his past work as a janitor/custodian. [R. 49]. According to the VE's testimony, Plaintiff's past work as both a self-employed cleaner and a janitor/custodian have the same DOT number,[3] meaning the jobs involve similar tasks. [R. 49].

The VE testified that based on the limitations and restrictions presented in the ALJ's hypothetical, Plaintiff could perform his past relevant work as a sweeper-truck driver and as a self-employed cleaner. [R. 65]. However, the VE also testified that "beyond those two," Plaintiff could not perform his past relevant work. [R. 65]. The VE gave no reason for differentiating between Plaintiff's past work as a self-employed cleaner and his other work as a janitor/custodian.

The ALJ's classification of Plaintiff's past relevant work is at odds with the VE's testimony. In his decision, the ALJ asserts that Plaintiff should be able to perform his past work as a self-employed cleaner under a different DOT number different than the one given by the VE.[4] [R. 20]. However, the trial transcript does not contain any testimony explaining why Plaintiff is able to work as a self-employed cleaner but not as a janitor/custodian employed by another, nor does it support the ALJ's statement that the VE specifically testified that Plaintiff could perform cleaning work at the light rather than the medium exertional level. Similarly, the ALJ's statement that the VE testified

---

[3] In the *Dictionary of Occupational Titles,* DOT #381.687-018 is an "industrial cleaner." This is a medium exertional level job, which includes scrubbing, sweeping, collecting trash, and vacuuming, as well as transferring materials by hand-truck, arranging boxes, cleaning machinery, picking up refuse, and starting pumps.

[4] The ALJ stated that the VE testified that Plaintiff could return to his past work, classified as DOT #323.687-014. [R. 20]. According to the *Dictionary of Occupational Titles*, this number refers to the position of housekeeper or maid, and is light exertional level work involving handling linens, replenishing supplies, and assisting patrons.

that many cleaning jobs exist that require light rather than medium level exertion is unsupported by the trial transcript. [R. 20].

The question here is simply whether the ALJ's conclusion is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Walden,* 672 F.2d at 838. This court finds that while the ALJ's conclusion may ultimately be true, it is not supported by substantial evidence in *this* record. For these reasons, this case is due to be remanded for the limited purpose of determining whether the evidence of record shows that Plaintiff can perform his past relevant work.[5]

## VI. Conclusion

The court concludes that the ALJ's determination that Plaintiff retains the residual functional capacity to perform light exertional level work is supported by substantial evidence and the proper legal standards were applied in reaching this determination. However, the ALJ's finding that Plaintiff is capable of performing his past relevant work is not supported by substantial evidence. Therefore, the Commissioner's final decision is due to be affirmed in part and remanded in part, with instructions for the ALJ to determine whether Plaintiff is capable of performing his past relevant work based on the evidence of record. A separate order in accordance with this memorandum of decision will be entered.

**DONE** and **ORDERED** this ___5th___ day of January, 2012.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[5]This is not a question for this court to resolve. It is simply not appropriate for a district court to make findings of fact; therefore, remand is appropriate in order to allow the ALJ to make a finding based on the record. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Jackson v. Chater*, 99 F.3d 1086, 1091-92 (11th Cir. 1996).